Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRET & SUSAN HAUETER, <br><br> Plaintiffs, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendant. | COMPLAINT <br><br><br> Case no: 2:10-cv-01240-BCW <br><br><br> **JURY TRIAL DEMANDED** |

### I. INTRODUCTION

1. This is an action for damages brought by two married consumers for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

### II. JURISDICTION

2. Plaintiffs' claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

### III. PARTIES

3. Plaintiff, Bret and Susan Haueter ("Plaintiffs"), are each a natural person residing in Salt Lake County, Utah.

4. Defendant, Midland Credit Management, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiffs are each a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiffs. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to take legal action against Plaintiff concurrent with the initial demand letter sent to Plaintiff. Defendant did not have imminent intent to file suit, as indicated by the fact that it did not file suit at any time in the near future after the threat was made (§ 1692e(5)).

10. Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including making threats to take legal action against Plaintiff within the thirty-day period, thereby drawing attention away from the disclosure to Plaintiff of her right to dispute the debt within the thirty-day dispute period (§ 1692g(b)).

11. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including calling Plaintiff approximately 10 times in a single day, with intent to harass Plaintiff into calling back and discussing the debt (§ 1692d(5)).

12. As a result of the aforementioned violations, Plaintiffs suffered and continue to suffer injuries to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13. Defendant's misrepresentations materially affected Plaintiff's ability to make informed decisions with regard to the debt.

14. To the extent Defendant's actions, detailed in paragraphs 8-11, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiffs reincorporate by reference all of the preceding paragraphs.

16. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692e(5), 1692d(5), & 1692g(b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and

any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.  For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 13th day of December, 2010.

**TRIGSTED LAW GROUP, P.C.**

Joshua Trigsted
*Attorney for the Plaintiff*

**PLAINTIFF'S ADDRESS**
Sandy, UT